UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PAUL J. McMANN,                      )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )    C.A. No. 12-12294-NMG
                                     )
CENTRAL FALLS DETENTION FACILITY     )
CORPORATION,                         )
        Defendant.                   )

                    ORDER RE: Plaintiff's Motion
                    for Clarification (Docket No. 12)

   By Memorandum and Order dated December 26, 2012, plaintiff McMann's motion for leave to proceed in forma pauperis was granted. See Docket No. 10. Because plaintiff is a pre-trial detainee, he was assessed an initial partial filing fee of $4.05 pursuant to 28 U.S.C. § 1915(b)(1).

   Now before the Court is plaintiff's motion seeking clarification and/or modification of the Court's December 26, 2012 Memorandum and Order. See Docket No. 12. Plaintiff explains that he has no funds in his commissary account and that he is unable to make payments towards the initial, partial filing fee. Id.

   The initial partial assessment represents 20 percent of the average monthly deposits in McMann's prison account. This calculation was manually made based on the figures provided by the Treasurer's Office. The initial partial assessment was made regardless of whether or not McMann had sufficient funds in his prison account to pay. The in forma pauperis statute requires the Court to assess an initial partial filing fee, but collection only occurs "when funds exist." See 28 U.S.C. § 1915(b)(1) (court shall

collect initial partial filing fee "when funds exist"); see also 28 U.S.C. § 1915(b)(4) (prisoner shall not be prohibited from bringing civil action because he lacks assets and means to pay initial partial filing fee).

The remainder of the fee $345.95 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). Section 1915(b)(2) requires the remainder of the fee to be paid through monthly payments of 20 percent of the preceding month's income credited to the prisoners account. 28 U.S.C. § 1915(b)(2). The Treasurer shall forward payments from McMann's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid. Id.

Finally, the Court's filing fee assessment is made apart from any other assessments made in other civil actions filed by McMann; however, for purposes of clarification for crediting any funds received from him, this Court intends that any funds received from his prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.

Accordingly, plaintiff's motion for clarification is allowed and the initial, partial filing fee shall be collected only when funds exist pursuant to 28 U.S.C. § 1915(b)(1).

SO ORDERED.

 May 24, 2013                    /s/ Nathaniel M. Gorton
DATE                            NATHANIEL M. GORTON
                                UNITED STATES DISTRICT JUDGE