United States District Court
District of Massachusetts

```
_____
                              )
PAUL J. MCMANN,               )
                              )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No.
                              )   12-12294-NMG
CENTRAL FALLS DETENTION FACILITY )
CORPORATION,                  )
                              )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Paul McMann ("plaintiff" or "McMann") was held pending his trial on charges of federal wire fraud at the Donald W. Wyatt Detention Facility ("Wyatt") in Central Falls, Rhode Island which is operated by Central Falls Detention Facility Corporation ("defendant" or "CFDFC"). McMann alleges that his treatment at the hands of CFDFC employees violated his rights under the Fourth, Fifth and Eighth Amendments to the United States Constitution. Pending before the Court are defendant's motion to dismiss and to strike class allegations, plaintiff's motion to file a supplemental complaint and plaintiff's motion to stay.

I. **Factual Background and Procedural History**

McMann was charged with three counts of wire fraud in violation of 18 U.S.C. § 1343 in November, 2010, stemming from

-1-

allegations that he had defrauded various individuals starting in the fall of 2008 by using false bank documents acquired over the internet. See United States v. McMann, No. 10-cr-10387-RWZ. Although he had fled the country, was arrested and arraigned in August, 2011, McMann was subsequently held at Wyatt pending his trial.

On November 14, 2012, McMann was transported from Wyatt to the Moakley Federal Courthouse in Boston, Massachusetts ("the Moakley Courthouse") to attend a bail reconsideration hearing. On that date, he was restrained with handcuffs, leg manacles and a waist chain and the handcuffs were secured by a "black box," a plastic device that attaches to handcuffs and blocks the keyholes to make escape more difficult.

McMann alleges that during his transportation to the Moakley Courthouse on that occasion and, apparently, several others, the black box caused a "restraint configuration" that put his arms into an "ergonomically unnatural position" that caused pain and left bruises on his arms. On the basis of his observations during previous trips, McMann stated that those restraints "appeared to be the facility's standard operating procedure."

Based upon his treatment on November 14, 2012, acting pro se, McMann filed a complaint in December, 2012, alleging that CFDFC had violated his constitutional rights under the Fourth,

-2-

Fifth and Eighth Amendments to the Constitution.  McMann sought a declaratory judgment that the CFDFC procedures are unconstitutional, an injunction barring their future use and attorneys' fees and costs.  He did not seek damages.

In April, 2013, after an eight-day jury trial of the criminal charges against him, McMann was found guilty of three counts of wire fraud.

CFDFC filed a motion to dismiss McMann's civil complaint in May, 2013, and, after some procedural skirmishing, McMann moved to file a supplemental complaint in September, 2013.  In the supplemental complaint, he seeks to add claims that (1) he was put in solitary confinement in retaliation for talking back to a guard (and, apparently, for filing his original complaint), (2) his rights under the Health Insurance Portability and Accountability Act ("HIPAA") were violated when his conversation with the prison medical staff was recorded and (3) his right to due process was violated when he was disciplined without any adjudication.  In the supplemental complaint, McMann seeks declaratory relief with respect to defendant's alleged HIPAA violation, injunctive relief with respect to the lack of due process for prison disciplinary procedures and compensatory and punitive damages.

In October, 2013, McMann was sentenced to 37 months in prison in the criminal case, after which he was transferred to a

different federal facility. Shortly thereafter, McMann filed a motion to stay all deadlines and proceedings in this case until he learns of his next address.

## II. **Analysis**

As an initial matter, the Court will allow plaintiff's motion to file a supplemental complaint. Accordingly, the Court construes plaintiff's supplemental complaint as incorporating his original complaint and considers the arguments made by defendant both in its motion to dismiss the original complaint and its opposition to plaintiff's motion to file a supplemental complaint.

Defendant moves to dismiss plaintiff's original complaint and his supplemental complaint and to strike plaintiff's class allegations. CFDFC argues that (1) a private corporation operating a federal prison cannot be held liable for constitutional violations under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); (2) plaintiff's constitutional claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) HIPAA does not provide for a private cause of action.

Plaintiff responds that (1) his claim is actually brought against CFDFC pursuant to 28 U.S.C. § 1983 which allows suits against corporations acting under color of state law and (2) he

has alleged sufficient factual allegations to state a plausible claim. McMann does not respond to defendant's argument with respect to the alleged violation of HIPAA and, accordingly, the Court considers that argument waived.[1]

### A. Constitutional Allegations Against CFDFC

Plaintiff's complaint against CFDFC, a private entity under contract with the Bureau of Prisons, will be dismissed regardless of the cause of action under which it is alleged.

Under Bivens, which created a cause of action for constitutional violations by individuals acting under color of federal law, "liability does not extend to private corporations or entities operating under contract with the Bureau of Prisons." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *6 (D. Mass. Aug. 20, 2010) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001)). Thus, plaintiff's claim against CFDFC cannot proceed under Bivens.

For liability under § 1983 to attach, a plaintiff must establish three elements: "deprivation of a federal right, a causal connection between the actor and the deprivation, and state action." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). Supervisory liability can be established only if

---

[1] Even if it were not waived, it would be futile because this Court has recognized that "there is no private right of action for a violation of HIPAA's confidentiality provisions." Spencer v. Roche, 755 F. Supp. 2d 250, 271 (D. Mass. 2010) (citing Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006)).

-5-

the supervisor's failure to train and supervise subordinates "amounts to deliberate indifference to the rights of persons with whom [they] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); see also Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694-95 (1978).

Here, plaintiff alleges simply that the restraints used on him by CFDFC employees put his arms into an "ergonomically unnatural position" that was painful and that it appeared to be CFDFC's "standard operating procedure." McMann further claims that he was placed in solitary confinement as a result of a verbal interaction with a CFDFC guard (and, apparently, for filing the original complaint in this action), the guard in question applied handcuffs to him in a painful manner and he was subsequently deprived of various privileges and personal items. Plaintiff falls far short of alleging that CFDFC's failure to train or supervise caused the alleged actions. Accordingly, his complaint against CFDFC cannot proceed under § 1983.

The Court's determination obviates the need to address the viability of defendant's specific constitutional allegations under the Fourth, Fifth and Eighth Amendments. Furthermore, the Court need not address the legal basis for CFDFC's actions. compare Lacedra v. Donald W. Wyatt Det. Facility, 334 F. Supp. 2d 114 (D.R.I. 2004) ("Defendants acted under color of state law when they carried on the traditional public function of prison

operations at the Wyatt facility...."), with Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 64 (D.R.I. 2003) ("In this case, [plaintiff] is unable to show that any of the defendants were acting under color of state law for the simple reason that maintaining custody of federal prisoners is neither a power 'possessed by virtue of state law' nor one that has been 'traditionally exclusively reserved to the 'state'.").

The Court notes that plaintiff may, however, be able to state a viable claim against individual employees of CFDFC. See, e.g., Francisco v. U.S. Marshalls Service et al., No. 11-00231, 2014 WL 652147 (D.R.I. Feb. 19, 2014). Accordingly, should plaintiff choose to press his claim, he may file a second amended complaint, on or before April 18, 2014, spelling out with precision the conduct he alleges violated his constitutional rights, the legal foundation for his claim, the basis for venue in the District of Massachusetts and the exact relief he seeks. See McMann v. Central Falls Det. Facility Corp., No. 13-570, 2013 WL 5565507, at *6 (D.R.I. Oct. 8, 2013) ("A court has the inherent discretion to order a more definite statement where it is left to guess the legal foundation supporting a plaintiff's claims.").

    **B.    Plaintiff's Defective Design Claim**

In its motion to dismiss, defendant responds to what appears to be a claim by plaintiff that the black box is based

on a defective design. Although plaintiff requests in his complaint that the Court declare "that the black box is improperly designed," he includes no argument supporting that request and does not address the issue in his opposition to defendant's motion to dismiss. Thus, to the extent that plaintiff intended to pursue such a tenuous claim, the Court deems it waived.

**C.  Plaintiff's Class Allegations**

Plaintiff originally purported to bring a class action on behalf of himself and the other inmates detained at Wyatt. Defendant maintains that McMann has offered only conclusory allegations, has failed to address the prerequisites of Fed. R. Civ. P. 23 and, accordingly, moves to strike the class allegations.

Class actions are permissible only if (1) the class is so numerous that joinder would be impracticable; (2) questions of law or fact that are common to the class exist; (3) the claims of the would-be class representative are typical of the class; and (4) the representative will fairly and adequately represent the class. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548 (2011) (citing Fed. R. Civ. P. 23(a)).  In addition, the Court must conclude that not certifying the class would lead to

> inconsistent or varying adjudications [or that the common questions of law or fact] predominate over any questions affecting only individual members.

Fed R. Civ. P. 23(b).  A would-be class representative "must affirmatively demonstrate his compliance with [Rule 23]." Dukes, 131 S. Ct. at 2551.

Here, the plaintiff's deficient representations doom his effort to proceed with a class action.  While pro se litigants should be "held to less stringent standards" than lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court will not certify a class based on plaintiff's single conclusory statement that the treatment he underwent "appeared to be the facility's standard operating procedure."  Moreover, this Court has previously denied without prejudice plaintiff's motion to appoint counsel and a pro se prisoner cannot "fairly and adequately" represent the interests of his fellow inmates. See Duclerc v. Bender, No. 10-12050-DPW, 2010 WL 5283292, at *1 (D. Mass. Dec. 16, 2010).  Therefore, defendant's motion to strike the class allegations will be allowed.

## ORDER

For the foregoing reasons,

1) defendant's motion to dismiss and to strike class allegations (Docket No. 14) is **ALLOWED**;

2) plaintiff's motion for leave to file a supplemental complaint (Docket No. 51) is **ALLOWED**;

3) plaintiff's motion to stay (Docket No. 55) is **DENIED** but the defendant and, through it, the Bureau of Prisons are directed to deliver forthwith a copy of this Memorandum & Order to the plaintiff at the prison facility at which he is presently detained;

4) the case is **DISMISSED without prejudice**; and

5) plaintiff, is directed, if he chooses to press his claim, to file a second amended complaint in this Court on or before April 18, 2014.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 17, 2014